FILED

2012 NOV 19 PM 2: 38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DANNY GUERRERO, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO. 10-CV-2460 BEN <br>             07-CR-00676 BEN-2 <br><br> **ORDER DENYING** <br> **28 U.S.C. § 2255 MOTION** |

Petitioner Manuel Danny Guerrero moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence. For the reasons stated below, the Court **DENIES** the motion.

## BACKGROUND

On January 22, 2007, Guerrero and Rogelio Delgado-Furet entered the United States from Mexico at the San Ysidro, California Point of Entry. Guerrero was the passenger and owner of a 2001 Ford Taurus SE, which Delgado drove. Customs and Border Protection officials discovered 20 packages of methamphetamine weighing 10.5 kilograms in the gas tank of the vehicle.

On March 20, 2007, a federal grand jury for the Southern District of California returned an indictment charging Guerrero with: (1) one count of importation of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2; and (2) one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On June 12, 2008, a jury convicted Guerrero of both counts. The Sentencing Guideline range was 360 months to life. (Docket No. 92.) The government's recommendation was 360 months. (*Id.*) On September 11, 2008, Guerrero was sentenced to 240 months in custody, followed by supervised

release for life. Defendant appealed his conviction and sentence, and the Ninth Circuit affirmed on October 14, 2009. (Docket No. 112.)

Presently before the Court is Guerrero's Motion to Vacate Sentence Under 28 U.S.C. § 2255. Guerrero alleges that his defense attorney, Alexander L. Landon, was ineffective because he failed to reiterate in mitigation at sentencing that Guerrero believed that he was importing marijuana—not methamphetamine—when he transported the drugs into the United States.

## DISCUSSION

To succeed on a claim for ineffective assistance of counsel, Guerrero has the burden of showing: (1) his defense counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be met to state a claim for ineffective assistance of counsel. *See id.*

The Court will consider whether Attorney Landon's performance prejudiced Guerrero's defense. The prejudice analysis focuses on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "The Supreme Court has explained that the prejudice inquiry requires us to reweigh the evidence in aggravation against the totality of available mitigating evidence." *Libberton v. Ryan*, 583 F.3d 1147, 1169 (9th Cir. 2009) (internal quotation marks omitted).

Here, Guerrero was not prejudiced by the omission that Guerrero allegedly did not know that he was importing methamphetamine. First, Attorney Landon knew, and the undersigned noted during sentencing, that the undersigned presided over the trial and was familiar with the facts of the case. At the beginning of sentencing, the undersigned stated, "I believe I'm pretty familiar with the facts of the case . . . I'm considering the case in its totality." (Opp., Exh. A, at 2-3.) During trial, Delgado testified that Guerrero believed that he was transporting marijuana, not methamphetamine. Delgado's testimony is included in the "totality" of the case that the undersigned considered. Because the undersigned presided over both the trial and sentencing, the result was fundamentally fair.

Second, a defendant charged with importing or possessing a drug is not required to know the type and amount of drug to be found criminally liable. *See United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) ("[T]he government need not prove that the defendant knew the *type* and *amount*

of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance."). Delgado's testimony could only have been used as a supporting factor to a motion for downward departure. Other factors that were considered in support of this motion were Guerrero's criminal history and the potential unwarranted disparity between Guerrero's and Delgado's sentencing. Attorney Landon filed a motion for downward departure, and Guerrero was sentenced to ten years below the advisory Guideline range. Because the undersigned knew the facts of and presided over the trial, the outcome would have been the same.

In addition, because Guerrero has failed to meet *Strickland*'s second prong, he is not entitled to an evidentiary hearing. Bald assertions of ineffective assistance of counsel do not entitle a defendant to an evidentiary hearing. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Moreover, the present petition does not present an evidentiary issue because the omission of the argument that Guerrero did not know that he imported methamphetamine is not in dispute.

## CONCLUSION

Petitioner's motion is **DENIED**. The Clerk shall close case number 10-CV-2460 BEN.

**IT IS SO ORDERED.**

DATED: November /9, 2012

HON. ROGER T. BENITEZ
United States District Judge