13 FEB 28 AM 11: 47

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DANNY GUERRERO,<br><br>                                Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | CASE NO.  10-CV-2460 BEN<br>                07-CR-00676 BEN-2<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Docket No. 126] |

Petitioner Manuel Danny Guerrero brought a Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Case No. 07-CR-00676-BEN-2, Docket No. 115.)  In his Motion, Petitioner alleged that his defense attorney, Alexander L. Landon, was ineffective because he failed to reiterate in mitigation at sentencing that Guerrero believed that he was importing marijuana—not methamphetamine—when he transported drugs into the United States.  On November 19, 2012, this Court denied Petitioner's Motion. (*Id.*, Docket No. 125.) Petitioner appealed on January 16, 2013. (*Id.*, Docket No. 127.) On February 12, 2013, the Ninth Circuit Court of Appeals remanded the case to the district court for the limited purpose of granting or denying a certificate of appealability. (*Id.*, Docket No. 129.)

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "only

1   if the applicant has made a substantial showing of the denial of a constitutional right."

2   28 U.S.C. § 2253(c)(2).  To meet this standard, a petitioner must show "that jurists of

3   reason could disagree with the district court's resolution of his constitutional claims or

4   that jurists could conclude the issues presented are adequate to deserve encouragement

5   to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v.*

6   *McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner does not have to show "'that he

7   should prevail on the merits.  He has already failed in that endeavor.'"  *Lambright v.*

8   *Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S.

9   880, 893 n.4 (1983)).

10          In denying Petitioner's claim for ineffective assistance of counsel, the Court

11   found that Petitioner was not prejudiced by Attorney Landon's omission that Petitioner

12   allegedly did not know that he was importing methamphetamine because (1) the

13   undersigned presided over both trial and sentencing and was familiar with the facts of

14   the case, and (2) a defendant charged with importing or possessing a drug is not

15   required to know the type and amount of drug to be found criminally liable.  The

16   testimony regarding Petitioner's belief that he was transporting marijuana could have

17   been used only as a supporting factor in Attorney Landon's motion for downward

18   departure, and Petitioner was sentenced to ten years below the advisory Guideline

19   range.  The Court concludes that the claims raised in the Petition are not such that

20   "jurists of reason could disagree with the district court's resolution" of them, nor are

21   they sufficiently adequate "to deserve encouragement to proceed further."  *See Miller-*

22   *El*, 537 U.S. at 327.

23          Accordingly, the Court **DENIES** a certificate of appealability.  The Clerk of

24   Court shall forward to the Ninth Circuit the record with the order denying the

25   certificate.

26          **IT IS SO ORDERED.**

27   DATED: February 27, 2013

28                                                         HON. ROGER T. BENITEZ
                                                         United States District Judge