UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MANUEL DANNY GUERRERO,<br><br>          Defendant. | Case No.: 07-cr-676-BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. No. 133]** |

   Defendant moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants a modification of his sentence. Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement—the one of principal

1

relevance here—generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Guerrero was convicted by a jury of possessing and importing methamphetamine in violation of 21 U.S.C. §§ 841, 952 and 960. He was sentenced to 240 months in prison and lifetime Supervised Release. His Sentencing Guidelines range of 365 months to Life was calculated on a base offense level of 38 for importation of 8.682 kilograms of methamphetamine (actual). The amended Guidelines did not change the base offense level for this quantity of methamphetamine. Moreover, Defendant was sentenced far below (and more than two levels below) the low-end of the Guideline range as calculated. A two-level reduction in the base offense level would have made no difference.

Guerrero also challenges the imposition of lifetime Supervised Release as substantively and procedurally unreasonable and the product of judicial bias. In addition, he argues that he should have received a reduction for minor role. Neither claim is cognizable. Defendant has already appealed his conviction and sentence. Both were affirmed including, specifically, the denial of minor role. Moreover, Defendant has already sought to collaterally attack his sentence under 28 U.S.C. § 2255. That motion was denied by this Court on November 19, 2012. The denial was unsuccessfully appealed. The claims raised in the present motion are in the nature of a second or successive § 2255 motion. A second or successive motion may not be considered unless the movant first obtains approval from the Court of Appeals, under 28 U.S.C. § 2255(h).[1]

---

[1] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

Guerrero asserts in his motion that he received such approval on May 16, 2018 from the Ninth Circuit Court of Appeals, but there is no indication of any such request or approval on the docket. Without the authorization, this Court may not address the new claims. Section 2255(h)(2) creates a jurisdictional bar to Defendant's claims. "If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015). Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 19, 2020

HON. ROGER T. BENITEZ
United States District Court Judge

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3